HENRY GAMBLE

v.

JOHN ROSS ET AL.

*Question of Fact—Effect of—Finding of Court Below.*

In a controversy involving the question of the ownership of moneys arising from the sale of certain lumber, the decree of the court below, based upon a question of fact purely, is affirmed, the preponderance of evidence supporting it.

[Opinion filed April 29, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. HAMLINE, SCOTT & LORD, and TARSNEY & WICKER, for appellant.

Messrs. ALDRICH, PAYNE & WASHBURN, and McKNIGHT. HUMPHREY & GRANT, for appellees.

GARY, J. The John Spry Lumber Company had $2,947.30, the price of lumber the company had bought, which both the appellant and the appellees claimed, and the company filed a bill of interpleader to determine which should have

the money. The business transactions between the appellant and the appellees have been numerous and complicated, but as to this particular the facts are simple. The appellant was largely in debt to the appellees. At a place called Sailors' Landing, one Osgood was running a saw mill to which three rafts of logs (the proceeds of the lumber made therefrom being the subject of this suit) came in the course of business between these parties. James Connolly was the agent of the appellees. June 22, 1890, Osgood telegraphed to Gamble:

"June 22, 1890.

To HENRY GAMBLE, East Saginaw, Mich. Connolly demands that I give Ross & Company receipt for your raft and hold lumber subject to their order. Give me instructions.

S. W. OSGOOD."

To which Gamble replied:

"East Saginaw, Mich., June 23, 1890.

To S. W. OSGOOD, Chippeway House. Yes, you can give Connolly receipt for my raft.

H. GAMBLE.

And the next day gave to Connolly this:

"Bay City, Mich., 24th June, 1890.

S. G. OSGOOD, ESQ., Sailors' Landing.

*Dear Sir:*—You will please hold subject to the order of John Ross & Co., all the logs I have delivered, and will deliver from Waiska Bay about (3½) three million five hundred thousand (3,500,000) feet. I am going to-morrow or next day and will give you instructions how to cut them into lumber, which lumber you will also hold subject to their order.

Yours truly,

HENRY GAMBLE."

Under these instructions Osgood gave to Connolly receipts for the logs. Much correspondence between Gamble and Connolly, Gamble and the company, and Connolly and the company, is in evidence, in which the lumber is generally spoken of as Gamble's, when any words indicating ownership are used.

The company bargained for the lumber by correspondence with both Gamble and Connolly, and it was shipped to the company at Chicago, under bills of lading reciting that it was shipped by John Ross & Co. to John Spry Lumber Company.

Upon the whole case it was purely a question of fact whether the logs and lumber, while in the actual possession of Osgood, were subject to the control of Connolly for the appellees or not. The court below, on what seems to be a strong preponderance of the evidence, found that they were, and therefore the only claim the appellant can sustain, is, that he be credited in his account with the appellees with the proceeds.

The decree awarding the money to the appellees is affirmed.

*Decree affirmed.*

Judge SHEPARD takes no part in this case.